UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOSE ANDRES QUINTANILLA RAUDA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden of the Donald W. Wyatt Detention Facility*; DAVID T. WESLING, *Field Office Director, ICE Enforcement and Removal Operations, Boston Field Office*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE*, U.S. Attorney General*; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>Defendants. | No. 26-cv-834-JJM-AEM |

## ORDER

Before the Court is Petitioner Jose Andres Quintanilla Rauda's Emergency Request for Continued Protection Against Transfer and Removal, which responds to Respondents' Objection[1] to his Writ of Habeas Corpus Petition. ECF Nos. 1, 5, and 6.

[1] Respondent's objection includes a notice of intent to transfer, which this Court stayed for a 72-hour period pending the Courts ruling in this case. The 72-hour period expires Monday, November 9, 2026, at 2:06 p.m.

For the following reasons, Mr. Quintanilla Rauda's request is GRANTED IN PART as follows.

## I. DISCUSSION

The Court accepts the factual background as set forth by the parties. ECF Nos. 1, 5. Although several issues are raised by both parties concerning the status of Mr. Quintanilla Rauda's discretionary detention under 8 U.S.C. 1231(a)(6), in this Order the Court will only address whether it has jurisdiction to temporarily stay his removal proceedings.[2]

The Court has authority to preserve the status quo while it decides substantial questions about its own jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 291-93 (1947) (holding that "District Court[s] had the power to preserve existing conditions while it was determining its own authority, to grant injunctive relief."). A court can also issue orders "necessary or appropriate in aid of" its own independent jurisdiction under 28 U.S.C. § 1651(a) and may dispose of a habeas petition "as law and justice require" under 28 U.S.C. § 2243. *See Somasundaram v. Nessinger*, No. 26-cv-545-JJM-AEM, ECF No. 9 (D.R.I. Aug. 16, 2026); *Leuthavone v. Salisbury*, No. 97-cv-556-JJM, 2025 WL 1135588, at *1–2 (D.R.I. Apr. 17, 2025).

Here, Mr. Quintanilla Rauda raises a substantial question that confers authority to stay his removal proceeding pending the Executive Office for Immigration Review ("EOIR") review of his motions: Whether the administrative

[2] Neither will this Court address the merits of his application for asylum, withholding of removal, and protection under Convention Against Torture, which may be independent grounds for a stay.

scheme is an adequate substitute for habeas where his removal could render any agency decision on a pending motion to reopen effectively moot. *Boumediene v. Bush*, 553 U.S. 723 (2008); *Compere v. Nielsen*, 358 F. Supp. 3d 170, 179–83 (D.N.H. 2019); *Devitri v. Cronen*, 289 F. Supp. 3d 287 (D. Mass. 2018) (staying removal proceedings pending review of removal order). The Court, to review the merits of Mr. Quintanilla Rauda's habeas petition, is *aided* by an order to briefly stay his removal proceedings. Moreover, Respondents acknowledge that the motion to reopen on November 3, 2026, involves issues regarding asylum seeking and other proper forms of relief, which places no time limit on when that filing is made and may warrant review before materializing his removal. 8 U.S.C. § 1229(c)(7)(C)(ii); *see Dada v. Mukasey*, 554 U.S. 1, 21 (2008) (recognizing that a stay denial can be an abuse of discretion where a motion to reopen is nonfrivolous). Removal before those requests are decided by the EOIR would risk irreparable harm and frustrate its review such that no later ruling could repair. By contrast, the burden on the government's interest, *e.g.*, a brief stay, would impose a minor burden on the government that is limited in scope and in length of time. *Nken v. Holder*, 556 U.S. 418, 434-35 (2009).

## II. CONCLUSION

So, the Court GRANTS, in part, Mr. Quintanilla Rauda's Request for Continued Protection Against Transfer and Removal. ECF No. 6. The Court orders a STAY of Mr. Quintanilla Rauda's removal proceeding consistent with the 72-hour period until further order of this Court. The Court will notice a hearing shortly to

address the merits of Mr. Quintanilla Rauda's discretionary detention under 8 U.S.C. 1231(a)(6).

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

_________________________________
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 9, 2026