UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSE ANDRES QUINTANILLA RAUDA,

Petitioner,

v.

MICHAEL NESSINGER, *Warden of the Donald W. Wyatt Detention Facility*; DAVID T. WESLING, *Field Office Director, ICE Enforcement and Removal Operations, Boston Field Office*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; U.S. DEPARTMENT OF HOMELAND SECURITY; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

No. 26-cv-834-JJM

## ORDER

Before the Court is Petitioner Jose Andres Quintanilla Rauda's Emergency Petition for Writ of Habeas Corpus. ECF No. 1.

In 2005, a final order of removal was entered against Mr. Quintanilla Rauda, then a two-year-old infant, whose mother was subsequently deported, before he was left in the care of family members residing in the United States. *Id.* at 1. Mr. Quintanilla Rauda lived in this country for more than two decades; he graduated high school and after found employment in a restaurant. *Id.* Mr. Quintanilla Rauda has never been charged with or convicted of a crime. *Id.* at 1.

On October 30, 2026, Mr. Quintanilla Rauda was stopped for a minor traffic infraction and after ICE was notified of the stop, they detained him and placed him in custody under 8 U.S.C. § 1231(a)(2). *Id.* at 1. Mr. Quintanilla Raud has moved to reopen his order of deportation, which is currently pending adjudication. *Id.*

Mr. Quintanilla Rauda alleges that his continued detention violates his Fifth Amendment right to due process. The Court agrees. The Fifth Amendment Due Process Clause applies to all persons in the United States regardless of citizenship status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Because Mr. Quintanilla Rauda is entitled to due process, his detention should be reviewed through the *Matthews v. Eldridge* balancing test. 424 U.S. 319 (1976); *See Hernandez-Lara v. Lyons,* 10 F.4th 19, 27-28 (1st Cir. 2021). The *Matthews v. Eldridge* balancing factors considers (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. *Casun v. Hyde*, No. 25-CV-427-JJM-AEM, 2025 WL 2806769, at *3 (D.R.I. Oct. 2, 2025).

First, Mr. Quintanilla Rauda's freedom weighs heavily here. A person's interest in freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Few interests are more fundamental than the right to be free from physical confinement. This is especially

true where the Government seeks to remove a person to a country to which he has little, if any, meaningful connection after having grown up and lived in the United States for over 20 years. There is no question that such detention constitutes a substantial deprivation of liberty. The magnitude of that deprivation cannot be overstated.

Second, the risk of an erroneous deprivation of Mr. Quintanilla Rauda's rights. The Court in no way intends to predict how the immigration judge will resolve his motion to reopen, but if that case were to fall in his favor *after* he has been deported it would require that he gather his records, secure his belongings, and travel about 3,600 miles from El Salvador to Manchester, New Hampshire, to return to the country he has called home for more than two decades. That is a risk of erroneous deprivation of liberty Mr. Quintanilla Rauda should not be made to bear. Thus, the second factor is quite weighty in Mr. Quintanilla Rauda 's favor.

Third, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335. This factor appears insubstantial comparatively. The Court acknowledges Respondent's legitimate interest in effectuating final orders of removal and gives fair/due weight to their good-faith efforts to do so. That said, Respondents interest in continued detention is outweighed by both Mr. Quintanilla Rauda's liberty interest and the need to permit fair and meaningful process of his immigration claims. Neither delay of his removal nor his release is a hardship for Respondents, it merely permits Mr. Quintanilla Rauda to

pursue the same ordinary aspirations that bring so many people to this country while abiding by the laws as he has for the past two decades.

The unique set of facts presented by Mr. Quintanilla Rauda creates a constitutional Fifth Amendment Due Process violation, weighing in his favor and calls for his immediate release. Thus, the Court GRANTS the Petition. Respondents are ORDERED to release Jose Andres Quintanilla Rauda immediately and are permitted to transfer him to the Boston ICE Filed Office in Burlington, Massachusetts to effectuate his release if necessary.

The parties are ORDERED to file a status update concerning the posture of his motion to reopen within 7 days of the immigration judge's determination.

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 13, 2026